**CHASE BAG COMPANY, a corporation, Plaintiff,**

v.

**TEXTILE WORKERS UNION OF AMERICA, AFL–CIO, and its affiliated Local No. 194, Defendants.**

**No. 73 C 736(3).**

United States District Court, E. D. Missouri, Eastern Division.

Dec. 27, 1973.

J. Terrell Vaughan, John P. Emde, Fred Leicht, Jr., Armstrong, Teasdale, Kramer & Vaughan, St. Louis, Mo., for plaintiff.

J. F. Souders, St. Louis, Mo., for defendants.

## MEMORANDUM AND ORDER

WANGELIN, District Judge.

This matter is before the Court upon the motion of the defendants for judgment on the pleadings pursuant to Rule 12(c) F.R.Civ.P. Oral arguments were heard on this motion on Friday, December 21, 1973.

Plaintiff brought this action seeking to enjoin defendants from taking steps directed toward any attempt to arbitrate the grievance of James Beck, Jr., and to enjoin any coercion upon plaintiff to alter a collective bargaining agreement, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

The undisputed facts involve a union worker, James Beck, Jr., employed by

the plaintiff, who was made to work overtime when he claimed to be tired. After working twelve hours he gave notice and left. The next day the employer levied a disciplinary action against Beck. Thereafter, the defendants filed a grievance on behalf of Beck which complained of the action taken by plaintiffs in giving Beck a written disciplinary warning as to his refusal to work after four hours of overtime work. Subsequently, the parties complied with the first four steps of the grievance procedure as provided by the collective bargaining agreement. With the failure of the first four steps the defendants attempted to proceed to the final stage of the grievance process, namely, arbitration. However, the plaintiffs deny that this type of grievance is a proper subject of arbitration and look to the collective bargaining agreement for authority, wherein at Article XIII, § 1, it is stated:

". . . (If an employee feels he is working an excessive amount of overtime, the Union Committee may review his complaint with the Company. This type of complaint is not subject to arbitration.)"

The aforesaid provision is the thrust of plaintiffs' argument that an injunction is proper to prevent arbitration.

The defendants' parry is that there is no provision in the agreement which exempts from arbitration grievances over disciplinary actions taken against an employee. In support of this proposition they cite the following provisions from the collective bargaining agreement:

"Article VIII

"Since this Agreement provides for the orderly and amicable adjustment and settlement of any ·and all disputes, differences and grievances arising under the terms of this contract  . ."

"Article VI

"Should a grievance arise between the Company and the Union, there shall be no suspension, slowdown or stoppage of work, strike or lock-out on ac-count of such differences.   Instead an ernest effort shall be made to settle the grievance through the following procedures:

  \*    \*    \*    \*    \*    \*

"Should the parties remain in disagreement at the conclusion of the foregoing steps and if the grievance involves the meaning or application of the terms of this Agreement, either party may request the submission of the dispute to arbitration through the American Arbitration Association and the Voluntary Labor Arbitration Rules then obtaining."

"Article V

"The Company shall strive to maintain a safe and healthy environment in which to work . . . [employees shall] work in a safe and healthful manner."

Article XIII deals with overtime and provides that senior employees may decline overtime, but a junior employee may be forced to accept it. However, Article XIII does provide some protection to the junior employee with:

". . . If the employee cannot work the full eight hours, he may request to be relieved and the Company will make every reasonable effort to obtain a qualified employee to relieve him.

"Disciplinary action will not be taken under this policy prior to consultation with a representative of the Union."

The plaintiffs' position is not well founded. A literal reading of what plaintiffs' consider to be the obviating provision lucidly contravenes this position. ·Article XIII, § 1, says an employee's complaint as to an excessive amount of overtime is not subject to arbitration. However, such provision says nothing about a grievance arising out of a disciplinary action taken by the employer. This Court cannot deviate from the clear meaning of this provision to encompass grievances not provided for. Moreover, the remaining aforecited portions of the collective bargaining agreement

provide for arbitration of all grievances, particularly, in light of Article XIII which states that a disciplinary action in regard to overtime will not be taken without consultation with a representative of the Union. In consequence,

It is hereby ordered that the motion for judgment on the pleadings be and is granted.